UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN E. KADER,<br><br>    Plaintiff,<br><br> vs.<br><br>DEPARTMENT OF CORRECTIONS, SUSAN JOHANNSEN, CLERK OF COURTS, THIRD JUDICIAL CIRCUIT, STATE OF SD, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY; ROBERT DOOLEY, DIRECTOR OF PRISON OPERATIONS AND WARDEN, MIKE DURFEE STATE PRISON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JOSH KLIMEK, UNIT MANAGER, WEST CRAWFORD HALL, MIKE DURFEE STATE PRISON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; MANUEL DE CASTRO JR., ATTORNEY APPOINTED IN HABEAS ACTION IN SANBORN COUNTY, SOUTH DAKOTA; INDIVIDUALLY AND HIS OFFICIAL CAPACITY; JEFFREY LARSON, SANBORN COUNTY PROSECUTOR, WOONSOCKET, SOUTH DAKOTA, IN HIS OFFICIAL CAPACITY; JUDGE VINCE FOLEY, CIIRCUIT COURT JUDGE, THIRD JUDICIAL CIRCUIT, BROOKINGS, SD, IN HIS OFFICIAL CAPACITY; UNKNOWN STAFF, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY; AND UNKNOWN MAILROOM STAFF, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY;<br><br>    Defendants. | 4:17-CV-04106-KES<br><br><br>ORDER DIRECTING SERVICE IN PART AND DISMISSING COMPLAINT IN PART |

**INTRODUCTION**

Plaintiff, Brian E. Kader, is an inmate at Mike Durfee State Prison (MDSP) in Springfield, South Dakota. Kader filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court screened Kader's original complaint under 28 U.S.C. § 1915A and dismissed it without prejudice. Docket 11. Kader moved to amend his complaint, and the court granted his motion. Docket 13; Docket 14. Kader filed an amended pro se civil rights lawsuit under 42 U.S.C. § 1983 and a motion for reconsideration. Docket 15; Docket 16. The court now screens Kader's amended complaint under 28 U.S.C. § 1915A, and for the reasons stated below, the court dismisses Kader's complaint in part and directs service in part. The court also denies Kader's motion to reconsider.

**FACTUAL BACKGROUND**

The relevant facts are set forth in the initial screening order at docket 11. Kader's amended complaint includes the addition of the following defendant: Mike Grossheusch [sic][1] as the Mike Durfee State Prison Mailroom Supervisor. Docket 15 ¶ 9. The amended complaint also includes the addition of the following facts as alleged by Kader:

Kader has "exhausted all available remedies." *Id.* ¶ 12. Kader adds to his cruel and unusual punishment facts by alleging the showers at MDSP are moldy and constantly wet. *Id.* ¶ 46. The overcrowding in West Crawford hall is

---

[1] Mike Grosshuesch works at Mike Durfee State Prison. Grossheusch is a misspelling of his last name. The court will refer to Grosshuesch by the proper spelling and not the spelling in Kader's complaint.

because the "building was designed as a college dormitory" originally planned for 36 students but currently houses "66 inmates in the same facility." *Id.* ¶ 47. Shower facilities have been limited now that West Crawford was made handicap accessible. *Id.* ¶ 48. Laundry at MDSP is returned to inmates "wet and unclean" as there are not enough washing machines. *Id.* ¶ 49. When inmates complained about their laundry being unclean, the Department of Corrections did not fix the problem but "began issuing brown boxers to hide urine and fecal stains." *Id.* ¶ 50. This did not make the laundry clean. *Id.* Finally, Kader alleges that Mike Grosshuesch, along with MDSP mailroom staff, censored his subscription to *Archeology* magazine. *Id.* ¶ 57.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). As a *pro se* plaintiff, the court lowers the pleading standards, but the court " 'will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded.' " *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis,*

3

518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007); *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota,* 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## DISCUSSION

### I. Motion for Reconsideration

As an initial matter, Kader moves this court to reconsider its earlier motion dismissing his original complaint without prejudice. Docket 16. Because Kader amended his complaint, his motion for reconsideration is denied as moot.

### II. Habeas Relief

Kader's amended complaint requests that "this court also treat this action as a petition of habeas corpus." Docket 15 ¶ 67. The Supreme Court held in *Heck v. Humphrey,* 512 U.S. 477 (1994) that a state prisoner cannot

use a § 1983 action to challenge his confinement. "When 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence' . . . § 1983 is not an available remedy." *Skinner v. Switzer*, 562 U.S. 521, 533 (2011) (quoting *Heck*, 512 U.S. at 487); *see also Abdullah*, 261 F. App'x at 927 (stating that if the plaintiff cannot show the invalidity of his conviction or sentence, dismissal is appropriate). Thus, this court will not treat Kader's § 1983 action as a habeas corpus petition.

**III. Mailroom Censorship**

Kader alleges that defendants violated his First Amendment rights by censoring his magazine subscriptions. Docket 15 ¶ 61. He alleges "mailroom staff are able to censor any item they want," and the censorship policy is "vague," allowing mailroom staff censorship to continue. *Id.* ¶ 56. Specifically, Kader alleges the Unknown Mailroom Staff and Mike Grosshuesch have wrongly censored his subscription to *Archeology* magazine. *Id.* ¶ 57. He also alleges Unknown Mailroom Staff wrongly censored his subscription to *Wired*, a computer technology magazine. *Id.* ¶ 56. Kader alleges he was unable to view his magazines, "resulting in monetary losses for his subscriptions." *Id.* ¶ 61.

In *Turner v. Safley*, the Supreme Court held that prison rules are constitutional if they are "reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987). *Turner* provided four factors to determine whether a prison rule withstands scrutiny:

> (1) whether there is a valid rational connection between the regulation and the legitimate government interest it purports to

5

further; (2) whether the inmate has an alternative means of exercising his constitutional right; (3) the impact that accommodation of the inmate's right would have upon others, including inmates as well as non-inmates; and (4) the absence of a ready alternative to the regulation.

*Ortiz v. Fort Dodge Corr. Facility*, 368 F.3d 1024, 1026 (8th Cir. 2004). This standard applies to both incoming and outgoing mail. *Thongvanh v. Thalacker*, 17 F.3d 256, 259 (8th Cir. 1994). "While prisoners retain their constitutional rights, limitations may be placed on the exercise of those rights because of the needs of the penal system." *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (citing *Turner*, 482 U.S. at 84-85). "[P]rison officials may lawfully censor prison mail that is detrimental to the security, good order and discipline of the institution." *Id.* (citing *Thornburgh v. Abbott*, 490 U.S. 401, 404 (1989)). To decide whether a prison policy advances "a legitimate penological interest," the court must consider all four factors. *Id.* (quoting *Turner*, 482 U.S. at 89-90).

For example, in *Kaden*, a South Dakota state prison inmate alleged that the prison mailroom staff violated his First Amendment rights by censoring his magazine subscription. 651 F.3d at 967-68. The complaint was screened and dismissed under § 1915A by the district court. *Id.* at 968. The Eighth Circuit found Kaden's allegations "sufficient to plausibly state a claim under § 1983." *Id.* at 969. The Eighth Circuit found "a reasonable inference that SDSP's policy was unconstitutionally applied to the censored publication." *Id.*

The same is true here. Kader alleges that Grosshuesch and unknown mailroom staff violated his First Amendment rights by rejecting his magazines

6

because they were sexually explicit. Docket 15 ¶¶ 56-57. Kader alleges that the magazines "are sold over the counter at many retailers and do not contain sexually explicit material." *Id.* ¶ 57. Kader alleges that the Department of Corrections policy defining "sexually explicit" material is ambiguous and is "defined by the person in the mailroom on any given day." *Id.* Liberally construing these factual allegations, there is a reasonable inference that the MDSP policy was unconstitutionally applied to Kader's censored publications.

Thus, the court finds that Kader has alleged sufficient facts to state a First Amendment claim against Mike Grosshuesch and Unknown Mike Durfee State Prison Mailroom Staff that survives screening under § 1915A.

**IV. Cruel and Unusual Punishment**

Kader alleges that the conditions of his confinement amount to cruel and unusual punishment under the Eighth Amendment. Docket 15 ¶ 60. Kader alleges that he has been subjected to cruel and unusual punishment in the following ways: (1) lack of proper ventilation and extreme heat, (2) overcrowding and unsanitary conditions, and (3) wet and unclean laundry. *Id.* ¶¶ 40-51. Kader alleges each of these prison conditions violates his Eighth Amendment rights. *Id.* ¶ 60.

"[T]he Constitution 'does not mandate comfortable prisons'; it prohibits 'inhumane ones.' " *Williams v. Delo,* 49 F.3d 442, 445 (8th Cir. 1995) (quoting *Farmer v. Brennan,* 511 U.S. 825 (1994). To allege that conditions of confinement violate the Eighth Amendment, a prisoner must assert:

(1) the alleged deprivation is, "objectively, sufficiently serious,"

7

>resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that the prison officials were deliberately indifferent to "an excessive risk to inmate health or safety. . . ."

*Id.* (quoting *Farmer*, 511 U.S. at 834). First, under the objective component, "[w]hether conditions at a specific prison are unconstitutional necessitates a factual inquiry about the specific conditions at that facility." *Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991). An inmate must show that a condition of confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety. *Helling v. McKinney*, 509 U.S. 25, 35 (1993). The Supreme Court has listed "food, clothing, shelter, medical care and reasonable safety" as minimal civilized measures. *Id.* at 32 (citation omitted).

Second, under the subjective component, the prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" in relation to the prison condition. *Hudson v. McMillian*, 503 U.S. 1, 20 (1992). A " 'should-have-known' standard, is not sufficient to support a finding of deliberate indifference." *Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998) (quoting *Farmer*, 511 U.S. at 837). But a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result." *Farmer*, 511 U.S. at 835. The prisoner may allege that the official knew of and disregarded "an excessive risk to inmate health or safety." *Id.* at 837. Thus, a superintendent or supervisor can be liable for operating a prison with unsanitary and inhumane conditions. *Finney v. Hutto*, 548 F.2d 740 (8th Cir. 1977), *aff'd*, 437 U.S. 678 (1978). The court will screen Kader's prison condition claims under this standard.

## A. Heat and Ventilation

Kader's complaint alleges that he was subjected to cruel and unusual punishment because of the excessive heat and lack of ventilation at MDSP. Docket 15 ¶ 60. Kader alleges that "there is no ventilation whatsoever in West Crawford." *Id.* ¶ 40. Kader alleges he has pulmonary disease and takes numerous medications for his condition. *Id.* ¶ 41. Kader claims the excessive heat and humidity make it difficult for him to breathe, hampering "his body's ability to thermoregulate." *Id.* at ¶¶ 41, 43. He alleges that with high temperatures outside, it is difficult for Kader to "breathe inside the dining halls, so he avoids it when possible, rather than chance an asthma attack." *Id.* ¶ 44. Kader alleges that defendant Klimek requires inmates to close their doors when MDSP is excessively hot. *Id.* ¶ 51. Kader alleges these policies cause him to sweat excessively and have significant heat stress, and they exacerbate his condition. *Id.* ¶ 43.

Hot temperatures alone are not a sufficiently severe deprivation that satisfies the objective component of a cruel and unusual punishment claim. *See Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004) (holding a prisoner's allegation failed to satisfy the objective requirement of an Eighth Amendment violation when "[o]n average, inmates on the . . . [u]nit may have experienced temperatures over ninety degrees nine percent of the time during the months of July and August"). But, inadequate ventilation has been sufficient to state a claim under the Eighth Amendment, especially when paired with a health condition. *See Williams v. White*, 897 F.2d 942, 944-45 (8th Cir.

9

1990) (holding that no ventilation or air from the outside was a sufficient claim). For example, in *Brakeall v. Stanwick-Klemik*, the plaintiff's health issues due to morbid obesity, lack of an air-cooling system, hot temperatures, and inadequate ventilation combined as a sufficient Eighth Amendment violation that survived 28 U.S.C. § 1915A screening. 2017 WL 6278872, at *9 (D.S.D. Dec. 8, 2017).

Similarly, Kader alleges lack of an air-cooling system, high temperatures, poor ventilation, and Kader's health conditions. These combine as a sufficiently severe deprivation that satisfies the objective component of an Eighth Amendment cruel and unusual punishment claim. Liberally construing the factual allegations in favor of Kader, Kader's claim as to excessive temperatures and heat against Dooley, Klimek, and Unknown Department of Corrections Staff survives initial review under 28 U.S.C. § 1915A.

**B. Overcrowding**

Kader's complaint alleges that he was subjected to cruel and unusual punishment because of overcrowding at MDSP. Docket 15 ¶¶ 47-48. Kader alleges that "there are only three toilets, three urinals, and five sinks in the restrooms." *Id.* ¶ 47. Kader alleges that "overcrowding and lines to relieve oneself are common" because "the building was designed as a college dormitory." *Id.* Kader also alleges that "the Department of Corrections has further limited inmates' shower facilities" when it made a handicap shower. *Id.* ¶ 48.

"[R]easonably adequate sanitation and the ability to eliminate and dispose of one's bodily wastes without unreasonably risking contamination are basic identifiable human needs of a prisoner protected by the Eighth Amendment[.]" *Whitnack v. Douglas Cty.*, 16 F.3d 954, 958 (8th Cir. 1994). In *Patchette v. Nix*, the Eighth Circuit held that a prison facility that had one toilet for every twenty-four inmates did not violate the Eighth Amendment. 952 F.2d 158, 164 (8th Cir. 1991). In *Cass v. Reisch*, however, one urinal for nearly fifty inmates exceeded the Eighth Circuit's threshold in *Patchette*. 2011 WL 1578579, at *2 (D.S.D. Apr. 26, 2011). In *Cass*, the district court reasoned that it could be presumed, although not explicit in the pleadings, that prison officials knew the capacity of the institution and "disregard[ed] the claimed risk" of insufficient facilities for sanitation. *Cass*, 2011 WL 1578579 at *2; *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (noting "[a] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.").

The same is true here. Kader alleges that prison conditions at MDSP amount to "lines to relieve oneself" because there are only three toilets for sixty-six inmates, and three shower heads for nearly seventy inmates. Docket 15 ¶¶ 45, 47. Kader's allegations as to the amount of shower heads and toilets exceed the threshold in *Patchette.* Liberally construing the factual allegations in favor of Kader, Kader's claim as to overcrowding against Dooley, Klimek, and Unknown Department of Corrections Staff survives initial review under 28 U.S.C. § 1915A.

### C. Laundry

Kader's complaint alleges that he was subjected to cruel and unusual punishment due to the laundry services at MDSP. Kader alleges that "laundry is frequently returned wet and unclean." Docket 15 ¶ 49. He also alleges that when undergarments come back unclean "the Department of Corrections began issuing brown boxers to hide urine and fecal stains." *Id.* ¶ 50.

Prisoners are entitled to clean clothing, "reasonably adequate sanitation, personal hygiene, and laundry privileges." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989); *see also Divers v. Dep't of Corr.*, 921 F.2d 191, 194 (8th Cir. 1990) (noting inmates are "entitled to adequate laundry facilities" and "cleaning supplies"); *Shannon v. Graves*, 257 F.3d 1164, 1169 (10th Cir. 2001) (finding allegations of fecal contamination on clothing an Eighth Amendment claim).

Kader has sufficiently alleged a violation of his Eighth Amendment rights as to the laundry at MDSP being unclean and unsanitary. Liberally construing the factual allegations in favor of Kader, Kader's claim as to unclean laundry against Dooley and Unknown Department of Corrections Staff survives initial review under 28 U.S.C. § 1915A.

### V. Courtroom Access

The court construes ¶ 63 of Kader's amended complaint to be a denial of access to the legal system claim. Docket 15. Kader alleges that "during the week of October 23, 2017, Klimek refused to call [him] to his office for legal

mail out." *Id.* ¶ 63. Kader alleges due to this refusal, "Klimek directly interfered with [his] ability to send out a motion as to this case for that entire week." *Id.*

"Inmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir. 1996) (citing *Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Bounds v. Smith,* 430 U.S. 817, 821 (1977)). To protect the right of access, inmates must be provided with the ability to mail legal correspondence. *Id.* (citing *Casey,* 518 U.S. at 351; *Bounds,* 430 U.S. at 824-28). "To state a claim . . . inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Id.* To demonstrate actual injury, the prisoner must show " 'that a nonfrivolous legal claim had been frustrated or was being impeded.' " *Moore v. Plaster,* 266 F.3d 928, 933 (8th Cir. 2001) (quoting *Johnson v. Missouri,* 142 F.3d 1087, 1089 (8th Cir. 1998)); *see, e.g., Glick v. Lockhart,* 769 F.2d 471, 472 (8th Cir. 1985) (finding a mailing delay "constitutionally insignificant" because it did not cause plaintiff to miss a court deadline).

For example, in *Bauer v. Glaser,* the plaintiff alleged that he gave his legal mail to the defendant who did not deliver the mail for two days. 2016 WL 3149689, at *4-5 (D.S.D. June 3, 2016). Due to this delay, the plaintiff's motion was dismissed. *Id.* The court held that this dismissal was an injury and sufficient to state a claim. *Id.*

Unlike *Bauer,* where the prison's failure to send the motion caused a delay resulting in an actual injury, any delay in the present case with sending Kader's motion did not cause Kader an injury. Thus, because there was no

13

injury, Kader's court access claim does not survive initial review under 28 U.S.C. § 1915A.

## VI. Defendants

### A. South Dakota DOC

Kader's amended complaint does not make any changes as to his claim against the South Dakota DOC. For the reasons stated in docket 11, the court finds that Kader has failed to state a claim against the South Dakota DOC.

### B. Judge Vincent Foley

Kader's amended complaint does not make any changes as to his claim against Judge Vincent Foley. For the reasons stated in docket 11, the court finds that Kader has failed to state a claim against Judge Vincent Foley.

### C. Susan Johannsen

Kader's amended complaint does not make any changes as to his claim against Susan Johannsen. For the reasons stated in docket 11, the court finds that Kader has failed to state a claim against Susan Johannsen.

### D. Jeffrey Larson

Kader's amended complaint does not make any changes as to his claim against Jeffrey Larson. For the reasons stated in docket 11, the court finds that Kader has failed to state a claim against Jeffrey Larson.

### E. Manuel de Castro, Jr.

Kader's amended complaint does not make any changes as to his claim against Manuel de Castro, Jr. For the reasons stated in docket 11, the court finds that Kader has failed to state a claim against Manuel de Castro, Jr.

**CONCLUSION**

Kader states two new claims in his amended complaint: that his rights under the First Amendment were violated by defendants Mike Grosshuesch and Unknown Mike Durfee State Prison Mailroom Staff, and that his rights under the Eighth Amendment were violated by defendants Josh Klimek, Robert Dooley, and Unknown Department of Corrections Staff. These claims survive screening.

Thus, it is ORDERED

1. Kader's motion for reconsideration (Docket 16) is denied as moot.
2. Kader fails to state a claim against the Department of Corrections, Judge Vince Foley, Susan Johannsen, Jeffrey Larson, and, Manuel de Castro, Jr., and they are dismissed without prejudice as defendants.
3. Kader's First Amendment claim against Mike Grosshuesch and Unknown Mike Durfee State Prison Mailroom Staff, and his Eighth Amendment prison conditions claims as to excessive heat, overcrowding, and laundry services against Robert Dooley, Josh Klimek, and Unknown Department of Corrections Staff survive screening under 28 U.S.C. § 1915A.
4. The Clerk shall send blank summons forms to Kader so he may cause the summons and complaint to be served upon defendants.
5. The United States Marshal shall serve a copy of the complaint (Docket 15), summons, and this order upon defendants Robert

Dooley, Josh Klimek, Mike Grosshuesch, Unknown Department of Corrections Staff, and Unknown Mike Durfee State Prison Mailroom Staff as directed by Kader. All costs of service shall be advanced by the United States.

6. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days after the date of service.

7. Kader will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

8. Kader will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED September 25, 2018.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE